# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SOUTHERN POVERTY LAW CENTER,

    Plaintiff,

  v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,

    Defendants.

Civil Action No. 18-760 (CKK)

## MEMORANDUM OPINION
(May 10, 2019)

    Currently pending before the Court is Defendants' [47] Motion to Sever and Transfer Venue. Upon consideration of the briefing,[1] the relevant authorities, and the record as a whole, that motion is **DENIED**. In an exercise of its discretion, the Court decides not to sever the claims in this case into three separate cases. The Court also decides that the interests of justice do not warrant transfer of the unsevered case to a different forum.

    This case concerns immigrants' access to counsel in three separate detention facilities. To briefly summarize Defendants' two-pronged motion, they first ask to sever the claims in the [57] First Amended Complaint into three separate cases corresponding to the respective facilities.[2] Then Defendants would have the Court transfer the respective cases as follows: the case involving LaSalle Detention Facility, in Jena, Louisiana, to the Western District of Louisiana; that regarding Irwin County Detention Center in Ocilla,

---

[1] The Court's consideration has focused on the following documents:

- Mem. of P&A in Supp. of Defs.' Mot. to Sever and Transfer Venue, ECF No. 47-1 ("Defs.' Mem.");
- Pl.'s Resp. in Opp'n to Defs.' Mot. to Sever and Transfer Venue, ECF No. 50 ("Pl.'s Opp'n");
- Defs.' Resp. to Pl.'s Mot. for Leave to File Am. Compl. and Reply to Defs.' Mot. to Sever and Transfer Venue, ECF No. 54 ("Def.'s Reply"); and
- Pl.'s Sur-Reply in Opp'n to Defs.' Mot. to Sever and Transfer Venue, ECF No. 58 ("Pl.'s Sur-Reply").

[2] In response to the parties' joint request, the Court permitted the filing of the First Amended Complaint partway through the briefing of the presently pending motion. *See* Min. Order of Oct. 31, 2018. Each side has had an opportunity to address arguments premised on the currently operative complaint.

Georgia, to the Middle District of Georgia, Valdosta Division; and that concerning Stewart Detention Facility in Lumpkin, Georgia, to the Middle District of Georgia, Columbus Division. The main reason that Plaintiffs oppose the severance and transfer is their insistence that this case is about Defendants' administration of detention policies—in particular, the Performance Based National Detention Standards ("PBNDS")—that apply to all three facilities. Those Defendants are predominantly located in this jurisdiction.

The Court's discretion to sever claims into separate lawsuits springs from Federal Rule of Civil Procedure 21, which permits severance of "any claim against a party." Fed. R. Civ. P. 21; *see also M.M.M. on behalf of J.M.A. v. Sessions*, 319 F. Supp. 3d 290, 295 (D.D.C. 2018). "In making this determination, courts consider multiple factors, including: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) concerns related to judicial economy, multiplicity of litigation, and orderly and efficient resolution of disputes; (4) the availability of witnesses and other evidentiary proof; and (5) the potential for confusion, undue delay, or prejudice to any party." *M.M.M. on behalf of J.M.A.*, 319 F. Supp. 3d at 295 (citations omitted).[3]

In an exercise of its discretion, the Court finds that the claims in this case should not be severed. Immigrants' difficulties accessing counsel at all three facilities allegedly stem from Defendants' administration of national standards, such as the PBNDS. *See, e.g.*, 1st Am. Compl., ECF No. 57, ¶ 210 ("Defendants direct, manage and control the U.S. immigrant detention system and the conditions of confinement therein, including at LaSalle, Irwin, and Stewart."); *id.* ¶ 240 ("Defendants' PBNDS are the primary mechanism through which they execute their duty to ensure constitutional access to counsel for the thousands of detained immigrants across the United States."). Resolution of the legal and factual issues in this case—even conditions that may differ from one facility to another—would seem to turn on those national standards and Defendants' enforcement of them. Moreover, splitting the claims into separate cases would unnecessarily multiply litigation; the gravamen is not the practices of the different contractors running the three facilities, but rather Defendants' responsibility for enforcing their own standards.[4] From that perspective, a substantial portion of the witnesses and other evidentiary proof are likely common to, or interchangeable across, problems at each of the facilities. And proceeding separately may hinder the expeditious resolution of Plaintiff's concerns due to the risk of inconsistent timelines and decisions across the various courts.

---

[3] In the interest of brevity, the Court omits discussion of the permissive joinder requirements under Federal Rule of Civil Procedure 20(a) that are sometimes considered in the context of Rule 21 determinations. *See Spaeth v. Michigan State Univ. College of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012). Yet, the liberal standard for joining claims under Rule 20(a) only reinforces the Court's decision.

[4] Although Defendants urge the Court to consider whether the contractors should be, or must be, joined as parties to this action, the Court agrees with Plaintiff that making that decision would be inappropriate in this posture. *See* Defs.' Mem. at 16; Pl.'s Opp'n at 16 n.14.

Even though the Court declines to sever the claims, the Court could transfer the case as a whole. Requesting this in the alternative, Defendants propose transfer to the Middle District of Georgia, home to two of the three facilities at issue. Defs.' Mem. at 18 n.8. Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district . . . where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice." The party moving to transfer venue bears the burden of establishing that convenience and the interests of justice weigh in favor of transfer. *See Int'l Bhd. of Painters & Allied Trades Union v. Best Painting & Sandblasting Co., Inc.*, 621 F. Supp. 906, 907 (D.D.C. 1985). Section 1404(a) vests discretion in the district court to conduct an "individualized, case-by-case" analysis of whether transfer is appropriate. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted).

Determining whether transfer is appropriate pursuant to section 1404(a) calls for a two-part inquiry. First, the Court must ask whether the transferee forum is one where the action "might have been brought" originally. 28 U.S.C. § 1404(a). Second, the Court must consider whether private and public interest factors weigh in favor of transfer. *E.g.*, *Lentz v. Eli Lilly & Co.*, 464 F. Supp. 2d 35, 36-37 (D.D.C. 2006) (citation omitted).

When, as here, one or more defendants is a federal agency, or an officer or employee thereof sued in his or her official capacity, venue is generally permissible where

> (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Each of the Defendants in this case is a federal agency, or an officer or employee thereof sued in his or her official capacity. It is undisputed that venue is available in this jurisdiction, where a number of these Defendants reside.

As for the proposed transferee forum, it appears that Plaintiff does not reside in the Middle District of Georgia. *See* Defs.' Mem. at 19 n.10. But there is some dispute as to whether any of the Defendants can be considered a resident of that district. *See* Defs.' Reply at 17 & n.10; Pl.'s Sur-Reply at 11 n.7. It is little help to move to the "substantial part" prong, as to which the parties argue whether this case primarily concerns local conditions at specific detention facilities or instead high-level decision-making at headquarters and regional command posts. The Court need not decide whether the case could have been brought in the Middle District of Georgia, because even if could have been, transfer would be inappropriate for the reasons that follow.

In considering whether to transfer an action, the Court considers the following private interest factors:

> (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to

3

the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.

*Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 127 (D.D.C. 2001) (citation omitted). Plaintiff chose this forum. And based on Plaintiff's theory of the case, the balance of convenience does not overcome Plaintiff's selection. Defendants prefer a forum where two of the facilities that are but-for causes of this case are located. Yet, it will be more convenient for the parties to proceed in this jurisdiction than in the Middle District of Georgia because this case focuses predominantly on Defendants' policy and enforcement decisions at the national and regional levels. Most of the evidence as to those issues is likely found in this jurisdiction and other jurisdictions outside of the Middle District of Georgia. While some witnesses as to specific factual issues at the detention facilities may need to travel from those facilities, there is no indication that they "may actually be unavailable for [any] trial" if it were to proceed in this jurisdiction. Some evidence regarding detention conditions may reside at the detention facilities, but that factor is not dispositive where other sources—pertaining more aptly to policy and enforcement decisions—likely reside in this jurisdiction and/or jurisdictions with regional offices outside of the Middle District of Georgia. Defendants have not discharged their burden to show that the private interest factors weigh in favor of transfer to the Middle District of Georgia.

The public interest factors affecting transfer include "(1) the transferee's familiarity with the governing laws and the pendency of related actions in the transferee's forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Id.* at 128 (citation omitted). The Middle District of Georgia should be equally familiar with Plaintiff's constitutional claims, and even if that district is less accustomed to receiving Administrative Procedure Act cases, the district is not less equipped to handle them. The Court need not resolve the parties' dispute about the relative congestion of dockets in this jurisdiction and the Middle District of Georgia; suffice to say, calendars in both jurisdictions are substantial. As for the local interest, Plaintiff has styled this as a case focused on national issues of immigrants' access to counsel during detention; accordingly, the local interest in conditions at the individual detention facilities weighs less heavily than the national interests involved. Those national interests include, at the least, the proper nationwide enforcement of standards governing access to counsel for detained immigrants. The Court is not persuaded that the public interest factors warrant transfer of this case.

*** 

A common concern in cases against senior federal officials is that such officials are named solely to secure venue in the District of Columbia. *See Bourdon v. U.S. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 306 (D.D.C. 2017) (Kollar-Kotelly, J.) (citing *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993)). Whatever the grounds for that assessment of Plaintiff's original Complaint, its operative First Amended Complaint does not suggest frivolous pleading. Under its present theory of the case, Plaintiff challenges policy and enforcement decisions by Defendants that are predominantly located here, which supports the Court's finding that the case should remain here.

For the foregoing reasons, Defendants' [47] Motion to Sever and Transfer Venue is **DENIED**. In an exercise of its discretion, the Court decides not to sever the claims in this case into three separate cases. The Court also decides that the interests of justice do not warrant transfer of the unsevered case to a different forum.

An appropriate Order accompanies this Memorandum Opinion.

Dated: May 10, 2019

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge