UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SOUTHERN POVERTY LAW CENTER,
      Plaintiff,

    v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,
      Defendants.

Civil Action No. 18-760 (CKK)

**ORDER**
(June 17, 2020)

For the reasons set forth in the accompanying Memorandum Opinion, it is, this 17th day of June 2020, hereby

**ORDERED** that Plaintiff's Motion for a Temporary Restraining Order, ECF No. 105, is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court **ORDERS** the following relief:

First, in light of the COVID-19 pandemic, which has resulted in in-person legal visits becoming unsafe and not an acceptable alternative, Defendants shall comply with the optimal requirements in PBNDS 5.6, Telephone Access. This includes ensuring that there is, at minimum, one telephone (or VTC console) for every ten detained individuals, *see* PBNDS 5.6(V)(A)(1), and that calls to legal representatives such as Plaintiff are direct or free, *see* PBNDS 5.6(V)(E).

Second, Defendants shall ensure that their telephones, VTC systems, and other technology used to access legal representatives (e.g., tablets) are in proper working order. *See* PBNDS 5.6(V)(A)(3)–(4). Defendants shall implement a clear process in writing for reporting and troubleshooting issues, such as connection or quality issues, with telephone calls or VTCs. As part of that process, Defendants shall designate point(s) of contact at each Facility to assist with or

1

relay information regarding issues with telephone calls and VTCs. The written process and point(s) of contact shall be shared with internal staff, detained individuals, and legal representatives. *See* PBNDS 5.6(V)(A)(3).

Third, Defendants shall ensure that attorney–client confidentiality can be maintained on all telephone calls and VTCs with attorneys and legal staff. Most importantly, telephone calls and VTCs should not be monitored and should not take place in an area where staff or other detained individuals can overhear attorney–client conversations. *See* PBNDS 5.6(V)(B); PBNDS 5.6(V)(F)(2). The Court will not dictate how Defendants comply with this requirement, as the Court recognizes that each Facility has its own circumstances, but it notes that PBNDS 5.6(V)(F)(2) suggests several alternatives for the Facilities to consider, including telephones with sufficiently spaced privacy panels, telephones isolated from areas where conversations may be overheard (e.g., areas where other detained individuals may be waiting to use the telephone), and allowing use of telephones in offices.

Fourth, Defendants shall devise and implement clear internal and external procedures, in writing, for scheduling and accessing telephone calls and VTCs so that Facility staff, detained individuals, and legal representatives such as Plaintiff and its legal staff have access to clear information regarding these procedures. These written procedures shall include information regarding the point(s) of contact at each Facility for those responsible for scheduling calls/VTCs and maintaining the schedule. Defendants shall provide these written procedures to internal staff, detained individuals, and externally to legal representatives and free legal service providers. These written procedures shall provide requests be responded to, and the requested calls and VTCs, be put on the schedule within 48 hours of the request.

Fifth, Defendants shall comply with the CDC Interim Guidance, especially with respect to

the cleaning of devices and spaces used for remote legal visits. In particular, Defendants shall clean surfaces and objects involved in calls and VTCs after each use. *See* Ctrs. for Disease Control & Prevention, *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities* at 9.

Sixth, Defendants shall create and implement procedures, in writing, through which detained individuals and legal representatives may exchange confidential documents, such as to obtain signatures, via electronic means (that is, not by "snail mail"). The Court will not order what form this system shall take, but in light of the COVID-19 pandemic and the fact that many detained individuals are seeking to be released in response to the pandemic, both the delays claimed by Plaintiff and those inherent in the legal mail process present problematic conditions. Defendants shall ensure that attorney–client confidentiality is maintained with these written procedures. Defendants shall include in the written procedures the point(s) of contact designated for questions or issues with the devised processes. Defendants shall provide these written procedures to Facility staff, detained individuals, and to legal representatives and free legal service providers.

Seventh, Defendants shall provide training to staff at the Facilities regarding the procedures for scheduling remote legal visits through telephone calls and VTCs implemented by the Facilities; on how to ensure attorney–client confidentiality for remote legal visits and communications in accordance with the circumstances and procedures at the respective Facilities; and on the document exchange systems implemented by the Facilities. Staff members who are responsible for escorting detained individuals to VTCs or telephone calls, or who monitor VTCs or telephone calls, should also receive training on who to contact in the event of technical issues arising.

The Court shall require Defendants to file a notice with the Court with either a Certificate of Compliance certifying under oath that the Defendant Facilities are in compliance with the

Court's Order *or* a detailed notice explaining steps taken so far and the current state of compliance with the Court's Order at each Facility.

Furthermore, the Court, in its discretion, waives a security bond for issuance of this Temporary Restraining Order. *See* Fed. R. Civ. P. 65(c); *Citizen's Alert Regarding Env't v. U.S. Dep't of Justice*, No. CIV. A. 95-1702 (GK), 1995 WL 748246, at *12 (D.D.C. Dec. 8, 1995) ("The amount of security required is a matter for the discretion of the trial court; it may elect to require no security at all." (internal quotation marks omitted) (quoting *Corrigan Dispatch Co. v. Case Guzman, S.A.*, 569 F.2d 300, 303 (5th Cir. 1978)); *see also Complete Angler, LLC v. City of Clearwater, Fla.*, 607 F. Supp. 2d 1326, 1335 (M.D. Fla. 2009) ("Waiving the bond requirement is particularly appropriate where a plaintiff alleges the infringement of a fundamental constitutional right.").

**SO ORDERED.**

Date:  June 17, 2020

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge