IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN POVERTY LAW CENTER,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | No. 1:18-cv-00760-CKK<br><br>Hon. Colleen Kollar-Kotelly |

**DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

Defendants hereby move under Federal Rules of Civil Procedure 16(b)(4) and 26(c) for an order staying discovery pending resolution of Defendants' Renewed Motion to Partially Dismiss the Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(h)(3) for Lack of Subject Matter Jurisdiction, ECF No. 133 ("Motion to Dismiss"). In its August 25, 2021 Order, this Court held in abeyance Plaintiff's Motion to Compel Discovery Responses, ECF No 116, and Defendants' Cross-Motion for Entry of a Fed. R. Civ. P. 26(c) Protective Order, ECF No. 121 ("Motion for a Protective Order"), until after the Court ruled on Defendants' Motion to Dismiss because "the scope of discovery in this case will be directly impacted by the Court's ruling on Defendants' [133] Partial Motion to Dismiss." Order, ECF No 173. The Court should similarly stay further discovery at this time. In the alternative, Defendants request the Court grant Defendants' Motion for a Protective Order, ECF No. 121, as it applies to Plaintiff's Rule 34 Requests for Inspections.

Defendants base this motion and opposition on the attached memorandum of law in support, the attached exhibits, citations herein to pleadings and filings in this matter, and any oral argument the Court may request. The undersigned certifies the parties have met and conferred to attempt to resolve these disputes.

A proposed Order consistent with this Motion is attached.

DATED:  January 13, 2022                    Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

YAMILETH G. DAVILA
Assistant Director

KEVIN HIRST (MD Atty. # 1812110173)
RUTH ANN MUELLER (DC 1617339)
DAVID J. BYERLEY (DC 1618599)
Trial Attorneys

*/s/ Richard G. Ingebretsen*
RICHARD G. INGEBRETSEN (D.C. Bar 1736200)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington D.C. 20044
(202) 616-4848
richard.ingebretsen@usdoj.gov

ii

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, I served a copy of the foregoing Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Partial Motion to Dismiss on counsel of record via the Court's CM/ECF filing system.

DATED: January 13, 2022 /s/ *Richard G. Ingebretsen*
RICHARD G. INGEBRETSEN
Trial Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN POVERTY LAW CENTER, *Plaintiff*, v. U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, *Defendants*. | No. 1:18-cv-00760-CKK Hon. Colleen Kollar-Kotelly |

### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

DATED: January 13, 2022

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

YAMILETH G. DAVILA
Assistant Director

MICHAEL A. CELONE
Senior Litigation Counsel

KEVIN HIRST (MD Atty. # 1812110173)
RUTH ANN MUELLER (DC 1617339)
DAVID J. BYERLEY (DC 1618599)
Trial Attorneys

/s/ Richard G. Ingebretsen
RICHARD G. INGEBRETSEN (D.C. Bar 1736200)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington D.C. 20044
(202) 616-4848
richard.ingebretsen@usdoj.gov

*Attorneys for Defendants*

**INTRODUCTION**

This Court should issue an order staying discovery pending resolution of Defendants' Renewed Motion to Partially Dismiss the Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(h)(3) for Lack of Subject Matter Jurisdiction ("Motion to Dismiss"), ECF No. 133. As a threshold matter, Defendants have filed a Motion to Dismiss under Rule 12(h)(3), asserting the Court's lack of subject matter jurisdiction over all but one of Plaintiff's claims. ECF No. 117. Also pending before the Court are Plaintiff's Motion to Compel Discovery Responses ("Motion to Compel"), ECF No. 116, and Defendants' Cross-Motion for Entry of Fed. R. P. 26(c) Protective Order ("Motion for a Protective Order"), ECF No. 121. In its August 25, 2021 Order, this Court held the parties' pending discovery motions in abeyance until after the Court ruled on Defendants' Partial Motion to Dismiss "to promote judicial economy" since "the scope of discovery in this case will be directly impacted by the Court's ruling on Defendants' [133] Partial Motion to Dismiss." ECF No. 173.

Despite the fact that the scope of discovery in this matter remains an open question, Defendants have continued to produce documents pursuant to its objections in response to Plaintiff's Requests for Production, producing over 91,000 documents collected from 40 different custodians. Plaintiff now, however, seeks to move forward with a Rule 34 Inspection of Stewart Detention Center ("Stewart"), even though a decision on Defendants' motion to dismiss will significantly reduce the scope of any inspection, if not obviate the need for it entirely. Engaging in further discovery while the scope of such discovery remains undefined will result in the parties incurring unnecessary fees and costs. These concerns are heightened in light of the greater burden and risks posed by physical inspections (amidst the backdrop of the continuing Covid-19 pandemic no less). As a result, the Court should issue an order staying discovery of this matter until it rules

on Defendants' motion to dismiss.

In the alternative, Defendants request the Court grant Defendants' Motion for a Protective Order, ECF No. 121, as it applies to Plaintiff's Rule 34 Requests for Inspections.

## BACKGROUND

In their Second Amended Complaint ("SAC"), filed on August 28, 2019, Plaintiff Southern Poverty Law Center ("Plaintiff", "SPLC", or "SIFI") brings this action on behalf of itself and in third-party standing for their clients. Plaintiff alleges its ability to "provid[e] noncitizen detainees with legal services and their ability to properly and zealously frame the issues" has been "substantially hindered" by alleged "regulations and practices of the Defendants [that] unjustifiably obstruct the availability of meaningful legal professional representation[.]" SAC ¶¶ 20, 318. Plaintiff's Second Amended Complaint revolves around the ability of SPLC, through its subsidiary, SIFI, to communicate and/or visit with their detained clients. SAC ¶¶ 316–59. Claims one, two, three and five allege various due process violations to non-parties, and claim six is an Administrative Procedure Act ("APA") claim brought on SPLC's own behalf, and as a third party. On July 14, 2020, Defendants filed their renewed Motion to Dismiss, ECF No. 133, targeting these claims.[1] Plaintiff filed its Response on July 28, 2020, ECF No. 136, and Defendants filed their Reply on August 4, 2020, ECF No. 138. Under the Court's August 25, 2021 Order, ECF No. 173, Defendants filed supplemental briefing in support of their Motion to Dismiss, ECF No. 175, and Plaintiff filed supplemental briefing in opposition on September 10, 2021, ECF No. 177. The motion remains pending with the Court.

Also pending before the Court are Plaintiff's Motion to Compel, ECF No. 116, and Defendants' Motion for a Protective Order, ECF No. 121, which involve, among other discovery

---

[1] Claim four is a First Amendment claim brought on behalf of SPLC itself, for which there is no jurisdictional dispute.

3

disputes, the parties' disagreement as to the scope of discovery and Plaintiff's Rule 34 Requests for Inspection for Entry Upon Land ("RFIs"). Plaintiff served four RFIs, three dated December 18, 2019, and one dated January 16, 2020. Defendants served objections and responses to Plaintiff's RFIs on both January 17, 2020 and February 18, 2020. On February 20, 2020, the parties filed a Joint Motion for Extension of Discovery Deadlines. ECF No. 81. On February 21, 2020, the Court granted in part and denied in part the Joint Motion, stayed discovery deadlines, and referred the case to Mag. J. Meriwether for resolution of discovery disputes. ECF No. 92. Plaintiff filed its Motion to Compel, ECF No. 116, on June 2, 2020, and Defendants filed their response and Motion for a Protective Order, ECF No. 121, on June 16, 2020. On June 30, 2020, Plaintiff filed its Reply in Support of its Motion to Compel and Response to Defendants' Cross-Motion for a Protective Order, ECF No. 130. On July 14, 2020, Defendants' filed their Reply in Support of its Cross-Motion for a Protective Order, ECF No. 135. On, August 25, 2021, the Court held the parties' pending discovery motions in abeyance pending adjudication of Defendants' Motion to Dismiss. *See* Order, ECF No. 173.

On December 10, 2021, Plaintiff asked to conduct a Rule 34 inspection of Stewart in January 2022 pursuant to the terms proposed by Defendants in their initial objection to Plaintiff's Rule 34 Requests, despite the fact that the parties' disputes about the scope of the inspections "remain pending before the Court." *See* December 10, 2021 Email from Plaintiff to Defendants (Defs' Ex. A at 6). Defendants informed Plaintiff on December 23, 2021, that it would respond to these new Rule 34 Inspection Requests within 30 days. *Id.* at 4. On January 10, 2022, Defendants informed Plaintiff that in light of the Court's August 25, 2021 Order, ECF No. 173, holding the parties discovery disputes in abeyance until adjudication of Defendants' motion to dismiss, they object to inspections and intended to move for a stay of discovery. The parties meet and conferred

4

concerning Defendants' motion on January 12, 2022. *See* Defs' Ex. A at 1.

## ARGUMENT

Federal courts have absolute discretion to stay discovery as part of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Rundquist v. Vapiano SE*, No. CV 09-2207 (BAH), 2012 WL 13055057, at *1 (D.D.C. Feb. 28, 2012) (internal quotations and citations omitted). Indeed, "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) (quoting *Anderson v. United States Attorney's Office,* 1992 WL 159186, at *1 (D.D.C. June 19, 1992)). Because Defendants' pending motion to dismiss will directly impact the scope of discovery in this litigation, as this Court itself has noted previously, *see* ECF No. 173, the Court should stay further discovery until its resolution to preserve the resources of the parties and this Court.

### A. Further Discovery Without Resolution of Defendants' Pending Motion to Dismiss is Unduly Burdensome and Would Waste Judicial and Party Resources

Courts in this jurisdiction have regularly found that a stay of discovery pending adjudication of a "dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2005) (staying discovery and motions to compel pending early dispositive motions); *see also PCH Mut. Ins. Co. v. Cas. & Sur., Inc.*, 569 F. Supp. 2d 67, 78 (D.D.C. 2008) (Kollar-Kotelly, J.) (staying discovery related to merits of litigation until resolution of threshold issue). This is because such motions impact the scope of discovery, and may even obviate the need for it. *See Sai v. Dept. of Homeland Security*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) ("Both threshold motions raise significant issues,

5

and their resolution will likely define the scope of discovery, if any."). Even "limit[ed] discovery" during the pendency of case dispositive motions can still constitute a "waste of resources." *Sai*, 99 F. Supp. 3d at 57–58. Because proceeding with discovery while its scope remains undefined would waste the resources of both parties, the Court should issue a stay of discovery pending adjudication of Defendants' motion to dismiss. *See* Fed. R. Civ. P. 1 et seq. (establishing that the purpose of the Federal Rules is "to secure the just, speedy, and inexpensive determination of every action and proceeding").

What's more, a temporary stay of discovery to resolve the controversy over its scope will benefit both parties. A stay while the Court "resolve[s] the scope and nature of this legal dispute" benefits both parties as "following resolution of the pending motion to dismiss the parties . . . may then appropriately evaluate the merits of the plaintiff's claims and the potential liability of each defendant." *Rundquist*, 2012 WL 13055057, at *2; *see also Chavous*, 201 F.R.D. at 2 (noting stays prevent "wasting the time and effort of all concerned"). Dismissal of all of Plaintiff's claims, with the exception of their First Amendment claim, would significantly narrow the scope of discovery, and may obviate the need for much of it. Moving forward with discovery that may eventually be considered outside the scope of this litigation would result in significant cost and burden, primarily on Defendants (but also Plaintiff), and could be avoided with a stay of discovery.

This is particularly the case for Plaintiff's request to proceed with Rule 34 inspections of the facilities. "Physical inspections are more burdensome and intrusive than other forms of written discovery[.]" *Cody v. City of St. Louis*, No. 4:17-CV-2707-AGF, 2019 U.S. Dist. LEXIS 188923, at *8 (E.D. Mo. Oct. 31, 2019). "Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted." *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir.

6

1978) (citing Fed. R. Civ. P. 26(c)). While it is mainly Defendants—bearing the burden of the intrusion—who will suffer from proceeding with inspections while the scope of discovery remains undefined, Plaintiff also risks wasting resources on inspections that may prove beyond the scope of discovery should the Court grant Defendants' motion to dismiss. Plaintiff's own correspondence with Defendants acknowledges the logistical challenges posed by inspection and hints at their cost. *See* December 17, 2021 Email from SPLC to Defendants (Defs' Ex. A at 5) ("Ensuring our experts' availability and planning for their *travel* and *lodging* requires some lead time.") (emphases added). Given that physical inspections of the facilities are unnecessary to Plaintiff's First Amendment viewpoint discrimination claim—the only claim that would remain if Defendants' motion to dismiss is successful—the Court should first resolve Defendants' partial motion to dismiss prior to the parties undertaking intrusive, logistically challenging, and resource intensive inspections of the detention facilities. A stay of discovery until then is therefore appropriate.

If the Court ultimately denies Defendants' motion to dismiss, either in part or in its entirety, the parties will then be able to proceed with inspections, and any other outstanding discovery, with certainty that the expended effort and resources are within the scope of the litigation. *Rundquist*, 2012 WL 13055057, at *2 ("On the contrary, resolution of the legal issues pending before the Court may avoid unnecessary or duplicative discovery efforts."). Until then, the Court should grant a stay of discovery to prevent needless waste of resources on the part of both parties.

**B. A Temporary Stay of Discovery Would Not Prejudice Plaintiff**

In deciding whether to stay discovery while pending dispositive motions are decided, "the trial court inevitably must balance the harm produced by a delay in discovery against the possibility that [a dispositive] motion will be granted and entirely eliminate the need for such discovery." *See*

7

*Chavous*, 201 F.R.D. at 3 (internal quotations omitted). A temporary stay of discovery in this matter until the pending motion to dismiss is resolved would not prejudice Plaintiff.

First, there is no urgency to continue discovery in this case while the Court adjudicates the Defendants' motion to dismiss. Discovery at this time is not necessary since the pending dismissal motion is fully briefed and there is currently no deadline for the completion of fact or expert discovery in the case. *See* Order, ECF No. 92. In situations like this, where "a discovery deadline has not yet been set by the Court," prejudice from a temporary stay is minimal to nonexistent. *Maljack Prods., Inc. v. Motion Picture Ass'n of Am.*, No. CIV.A. 90-1121, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990). Because Plaintiff will have sufficient time to complete any outstanding discovery necessary for any of its remaining claims and defenses after the adjudication of the pending motion before the court, "Plaintiff[] will in no way be prejudiced by this temporary suspension of discovery . . . ." *Cap. Eng'g & Mfg. Co. v. Weinberger*, No. CIV.A. 87-1623 JHP, 1988 WL 13272, at *1 (D.D.C. Feb. 5, 1988) (holding that a temporary stay of discovery pending adjudication of dispositive motions would not prejudice plaintiff because "they would be free, once these preliminary issues are resolved, to renew in full their requests for discovery").

Furthermore, the fact that the parties have already engaged in substantial discovery practice at this point mitigates the risk of any prejudice to Plaintiff. *Cf. Rundquist*, 2012 WL 13055057, at *2 (finding that plaintiff was unlikely to suffer prejudice as a result of stay in part because "the parties have been in discovery for nearly seven months, during which time they should have propounded discovery requests, identified and exchanged documents"). Since May 15, 2020, Defendants have produced over 91,000 documents, collected from 40 different custodians, in response to Plaintiff's Requests for Production, and in accordance with Defendants' objections, on a rolling basis every two weeks. These documents are responsive to each of the claims in the SAC,

including the one claim that would remain should the court grant Defendants' motion to dismiss. Accordingly, Defendants' request for a stay of discovery should be granted because it is unlikely to harm either party or result in undue delay of this litigation.

### C. If the Court Does Not Stay Discovery, It Should Grant Defendants' Motion For A Protective Order in the Alternative.

If the Court does not agree that discovery should be stayed at this time, it should grant, in the alternative, Defendants' pending Motion for a Protective Order, ECF No. 121 as applied to Plaintiff's Requests for Inspections. As previously mentioned, "[p]hysical inspections are more burdensome and intrusive than other forms of written discovery[.]"*Cody*, 2019 U.S. Dist. LEXIS 188923, at *8, and under Federal Rule of Civil Procedure 26(c), "courts may 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense' by either denying inspection or by appropriate restrictions on the inspection." *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978) (cited by *Welzel v. Bernstein*, 233 F.R.D. 185 (D.D.C. 2005) and *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 76 (D.D.C. 1999)). Therefore, in order to minimize the burden of these inspections, and avoid the likelihood of multiple or inconsistent inspections, the Court should grant Defendants' Motion for a Protective Order if discovery is not stayed at this time.

In its Request for a Protective Order, Defendants request the Court impose certain limitations on the inspections of each of the detention facilities, including duration, limits on materials to be inspected, limits on the number of attendees, and require that any "inspections would be affected by the precautionary measures in place due to COVID-19." Defs.' Mot. Protective Order, ECF No. 121 at 43–43. While Plaintiff now states it is willing to perform an inspection of Stewart in accordance with Defendants' objections, it has only done so for Stewart and has not withdrawn its' opposition to these restrictions expressed in its Motion to Compel, ECF

9

No. 116. *See* Defs' Ex. A at 6 ("In an effort to move discovery in this case forward, we would like to schedule an inspection of the Stewart Detention Center in January 2022 on the terms proposed in the Government's response."). Not only does Plaintiff's request to proceed with an inspection in January pose a distinct burden due to the actively rising number of Covid-19 infections due to the Omicron Variant, *see* Georgia Department of Public Health, DPH COVID-19 Daily Status Report Update January 7, 2022, https://dph.georgia.gov/press-releases/2022-01-07/dph-covid-19-daily-status-report-update-january-7-2022, it also raises the distinct risk of subsequent and duplicative inspections. Should the Court ultimately deny Defendants' Motion to Dismiss and Motion for a Protective Order after Plaintiff has conducted a facility inspection at Stewart, the parties will be faced with the decision of whether to conduct inspections of Pine Prairie ICE Processing Center and LaSalle Detention Facility in a different manner than the one at Stewart, or conduct a second intrusive, and duplicative, inspection of Stewart. Thus, in order to ensure any inspection is carried out in a safe manner in light of the surge in COVID-19 cases, and avoid duplicative discovery, *see Belcher*, 588 F.2d at 908, the Court should grant Defendants' Motion for a Protective Order, in the alternative, if discovery is not stayed.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss or in the alternative grant Defendants' Motion for a Protective Order, ECF No. 121, as it applies to Plaintiff's Rule 34 Requests for Inspection.

DATED:  January 13, 2022                    Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

YAMILETH G. DAVILA
Assistant Director

MICHAEL A. CELONE
Senior Litigation Counsel

KEVIN HIRST (MD Atty. # 1812110173)
RUTH ANN MUELLER (DC 1617339)
DAVID J. BYERLEY (DC 1618599)
Trial Attorneys

*/s/ Richard G. Ingebretsen*
RICHARD G. INGEBRETSEN (D.C. Bar 1736200)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington D.C. 20044
(202) 616-4848
richard.ingebretsen@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, I served a copy of the foregoing Memorandum of Points and Authorities in Support of Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Partial Motion to Dismiss on counsel of record via the Court's CM/ECF filing system.


DATED: January 13, 2022                              */s/ Richard G. Ingebretsen*
                                                     RICHARD G. INGEBRETSEN
                                                     Trial Attorney