# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN POVERTY LAW CENTER,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>  Defendants. | Civil Action No. 18-0760 (CKK) |

## ORDER APPOINTING SPECIAL MONITOR
(April 14, 2022)

The Court has received and reviewed the parties' [188] Joint Status Report proposing their respective candidate for the special monitor position proposed by the Court. In consideration thereof, the Court hereby appoints Dr. David L. Thomas, MD, JD, EdD, ("Dr. Thomas") as Special Monitor in this case.

It is further **ORDERED** that Defendants shall permit Dr. Thomas to enter the Immigration and Customs Enforcement ("ICE") Facilities listed in the Court's February 2, 2022 Memorandum Opinion and Order[1] unannounced and bring with him cameras, cell phones, writing implements, and any other equipment Dr. Thomas deems necessary to conduct one inspection at each Facility lasting no longer than one day, respectively. Once in the Facilities, Dr. Thomas shall be permitted to inspect areas of the Facilities without limitation, and shall be permitted to speak with staff and detainees in confidence and outside of the presence of ICE, DHS, and/or their contractors' supervisors and other staff. Dr. Thomas shall visit each Facility at any time between May 16, 2022 and June 15, 2022.

---

[1] LaSalle ICE Processing Center in Jena, Louisiana, Pine Prairie ICE Processing Center in Pine Prairie, Louisiana, and Stewart Detention Center in Lumpkin, Georgia (collectively, "Facilities").

1

It is further **ORDERED** that Dr. Thomas shall be permitted to review all pertinent ICE and/or U.S. Department of Homeland Security ("DHS") records and documents, electronic or otherwise, and video footage in connection with his inspection. It is further **ORDERED** that ICE and/or DHS shall preserve all pertinent documents and video footage requested by Dr. Thomas during his visits.

It is further **ORDERED** that ICE and/or DHS shall make all employees or contractors regularly working at the Facilities available for interviews, in-person, telephonic, or otherwise, during Dr. Thomas' visits.

It is further **ORDERED** that Dr. Thomas shall, on or before July 1, 2022, submit a written report to the Court answering the following questions:

(1) Has each facility provided, at minimum, one telephone (or VTC console) for every ten presently detained individuals?

(2) Are legal calls made on those telephones (and/or VTC consoles) direct or free?

(3) Has DHS and/or ICE implemented a clear process in writing for reporting and troubleshooting issues?

(4) Has DHS and/or ICE designated point(s) of contact at each facility for such troubleshooting?

(5) Where technical issues have arisen (and do arise), how long has it taken (and does it take) DHS and/or ICE to remedy the issue?

(6) To what degree, if at all, does DHS and/or ICE monitor legal calls, and, based on the position of the telephones and/or VTCs, to what degree could a Facility staff member overhear a legal call?

(7) Has DHS and/or ICE implemented clear internal and external procedures, in writing, for scheduling and accessing telephone calls and VTCs?

(8) If so, how have these procedures worked in practice, from the time of the Court's June 17, 2020 Order until the time of Dr. Thomas' inspections ("Relevant Time")?

(9) To what degree has DHS and/or ICE complied with the Centers for Disease Control and Prevention's ("CDC") Guidance for Correctional & Detention Facilities as to the cleaning of devices and spaces used for legal calls? *See* CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (Feb. 15, 2022).

(10) Has DHS and/or ICE implemented procedures, in writing, through which detained individuals and legal representatives may exchange confidential documents, such as to obtain signatures, via electronic means?

(11) If so, what are those procedures and how have they worked in practice during the Relevant Time?

(12) Has DHS and/or ICE provided training to staff members regarding the procedures for scheduling remote legal visits through telephone calls and VTCs implemented by the Facilities on how to ensure attorney-client confidentiality for legal calls?

It is further **ORDERED** that Dr. Thomas' report shall provide an entirely objective account of the policies and practices at each of the Facilities. Dr. Thomas is not to resolve competing accounts, make credibility determinations, or otherwise recommend any particular resolution of any dispute between the parties. The parties are to address any substantive questions regarding this Order or Dr. Thomas' inspections to the Court, not Dr. Thomas.

3

The parties are further advised that, in furtherance of this Order, the Court intends to begin to provide Dr. Thomas with copies the complaint, the Court's June 17, 2020 Order, the parties' filings, and other documents on the public docket the Court deems helpful to provide to Dr. Thomas for him to conduct an independent, objective review of Defendants' compliance with the Court's June 17, 2020 Order.

**SO ORDERED**.

Dated: April 14, 2022

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge