UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SOUTHERN POVERTY LAW CENTER,

    Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

    Defendants.

Civil Action No. 1:18-cv-00760-CKK-RMM

## MOTION FOR MODIFICATION AND CLARIFICATION
## OF ORDER APPOINTING SPECIAL MONITOR

The Court's April 14, 2022 Order Appointing Special Monitor ("Order") directed the parties to address to the Court any substantive questions regarding the Order or appointed monitor Dr. David L. Thomas' inspections.  Dkt. 191 at 3.  The Order directs Dr. Thomas "to conduct an independent, objective review of Defendants' compliance with the Court's June 17, 2020 [Temporary Restraining] Order."  *Id.* at 4.  Plaintiff SPLC hereby moves the Court to modify and clarify the Order to address three specific issues.

First, subpart (1) of the Order asks Dr. Thomas to determine whether "each facility provided, at minimum, one telephone (or VTC console) for every ten presently detained individuals."  *Id.* at 2.  To avoid confusion on an issue the Court has already decided, SPLC proposes adding language to the Order to ensure that Dr. Thomas is aware that, consistent with the Court's February 2, 2022 Order, "a phone that cannot be used confidentially under any circumstances does not count per the [Temporary Restraining] Order's third requirement."  Dkt. 185 at 6.

Second, the Order empowers Dr. Thomas "to speak with staff and detainees."  Dkt. 191 at 1.  In order to assess Defendants' compliance with the Temporary Restraining Order ("TRO"),

SPLC believes Dr. Thomas should also be authorized to speak with attorneys who have represented detainees at the facilities since entry of the TRO in June 2020, including staff members of SPLC's Southeast Immigrant Freedom Initiative ("SIFI"). Their perspective is necessary to address many of the questions the Court ordered Dr. Thomas to answer in his upcoming report, including subpart (8), how Defendants' procedures for scheduling and accessing telephone calls and VTCs have worked in practice.  If Dr. Thomas is unable to speak with attorneys during the inspections, SPLC is willing to facilitate separate interviews.

Third, while SPLC believes it is important for Dr. Thomas to speak with detainees—and especially to detainees who are represented by counsel and have experience with the relevant issues—it has concerns about the logistics and about the rights of its clients.  Assuming Dr. Thomas will be speaking to represented detainees outside the presence of counsel, SPLC seeks to ensure that those detainees will have an understanding of Dr. Thomas' role and of their rights, including that:  (i) Dr. Thomas is a representative of a federal court with jurisdiction over a case challenging inadequate access to counsel in this immigration detention facility, and is not an employee of the immigration court system or of ICE, DHS, or any private detention contractor; (ii) the interviews are confidential; (iii) the detainees' remarks will not impact their immigration court cases in any way; (iv) the detainees' anonymity will be protected; and (v) the detainees will not face retaliation for remarks contrary to Defendants' interest.  It is also likely that Dr. Thomas will need to utilize interpretation services for many or all of his conversations with detainees.  In the event any detainee declines to speak with Dr. Thomas outside of the presence of their counsel, SPLC is willing to facilitate separate interviews with its clients.

SPLC met and conferred with Defendants regarding this motion.  L. Civ. R. 7(m). Defendants oppose the first two sections of the motion above, and take no position on the third.

Consistent with their strategy of delay, the Government declined to agree to an expedited briefing schedule. While SPLC believes expedited briefing is appropriate, SPLC is seeking only modifications of the Order and does not intend for this motion to delay Dr. Thomas' inspections. To the extent this motion is not decided prior to May 16, 2022, Dr. Thomas should begin his inspection under the terms of the current Order.

Accordingly, SPLC respectfully requests that the Court grant its Motion for Modification and Clarification, and enter the Proposed Revised Order attached.

Respectfully submitted, this 22nd day of April, 2022.

/s/ Sarah Rich
Sarah M. Rich (GA Bar No. 281985)*
Stephanie M. Alvarez-Jones (NJ Bar No. 276242018)*
Southern Poverty Law Center
150 E. Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
Telephone: (404) 521-6700
sarah.rich@splcenter.org
stephanie.alvarezjones@splcenter.org

Emily Lubin (LA Bar No. 38823)*
Southern Poverty Law Center
201 St. Charles Ave., Suite 2000
New Orleans, LA 70170
Telephone: (225) 316-6709
emily.lubin@splcenter.org

/s/ John T. Bergin
John T. Bergin (D.C. Bar No. 448975)
Kilpatrick Townsend & Stockton LLP
607 14th Street NW, Suite 900
Washington, DC  20005
Telephone: (202) 481-9942
jbergin@kilpatricktownsend.com

/s/ William E. Dorris
William E. Dorris (Ga. Bar No. 225987)*
Susan W. Pangborn (Ga Bar. No. 735027)*
Jeffrey Fisher (Ga. Bar No. 981575)*
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA  30309
Telephone: (404) 815-6104
bdorris@kilpatricktownsend.com
spangborn@kilpatricktownsend.com
jfisher@kilpatricktownsend.com

*Counsel for Plaintiff*
*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April, 2022, I electronically filed the forgoing Motion for Modification and Clarification of Order Appointing Special Monitor with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered CM/ECF users.

/s/ William E. Dorris
William E. Dorris