IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN POVERTY LAW CENTER,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | No. 1:18-cv-00760-CKK<br><br>HON. COLLEEN KOLLAR-KOTELLY<br><br>MAG. J. ROBIN M. MERRIWEATHER |

## DEFENDANTS' OPPOSITION TO MOTION TO MODIFY

Defendants, U.S. Department of Homeland Security, *et al.*, hereby submit their opposition to Southern Poverty Law Center's (SPLC) motion, styled as "Motion for Modification and Clarification of Order Appointing Special Monitor" (ECF No. 192, "Motion"), which asks the Court to modify the Court's Order Appointing Special Monitor (ECF No. 191) ("Order"). The Court should deny SPLC's Motion.

## INTRODUCTION

In its Order, the Court appointed Dr. David L. Thomas, MD, JD, EdD as a special monitor in this case, and assigned twelve discrete factual questions for his report. The Court ordered that "Dr. Thomas' report shall provide an entirely objective account of the policies and practices at each of the Facilities. Dr. Thomas is not to resolve competing accounts, make credibility determinations, or otherwise recommend any particular resolution of any dispute between the parties." *Id.* at 4. The Court ordered Defendants to permit the monitor to perform unannounced inspections, and upon arrival, Dr. Thomas possessed the authority to "inspect areas of the Facilities without limitation, and . . . to speak with staff and detainees in confidence and outside of the presence of ICE, DHS, and/or their contractors' supervisors and other staff." *Id.* The Court ordered that Dr. Thomas be permitted to bring otherwise prohibited video equipment, as well as access to "all pertinent ICE and/or U.S. Department of Homeland Security ('DHS') records and documents, electronic or otherwise, and video footage in connection with his inspection." *Id.* The Court advised it would "provide Dr. Thomas with copies [of] the complaint, the Court's June 17, 2020 Order, the parties' filings, and other documents on the public docket the Court deems helpful to provide to Dr. Thomas for him to conduct an independent, objective review of Defendants' compliance with the Court's June 17, 2020 Order." *Id.* Though the Order imposes no burdens on SPLC, SPLC has moved to modify it.

## ARGUMENT

SPLC now moves to amend the Court's order to accommodate its "concerns," which are speculative at best and pretextual at worst. At base, SPLC's Motion fails to demonstrate that their amendments are warranted or necessary to the inspections.

I. **SPLC's First Proposed Amendment should be Denied as Unwarranted and Unnecessary.**

In its first request, SPLC asks that the Court amend its existing order to state as follows:

> "It is further ORDERED that Dr. Thomas shall, on or before July 1, 2022, submit a written report to the Court answering the following questions: (1) Has each facility provided, at minimum, one telephone (or VTC console) for every ten presently detained individuals? ^*A telephone (or VTC console) 'that cannot be used confidentially under any circumstances does not count.' Dkt. 185 at 6.*

Motion at 2. SPLC justifies the amendment by claiming its purpose is to "avoid confusion on an issue the Court has already decided, SPLC proposes adding language to the Order to ensure that Dr. Thomas is aware that, consistent with the Court's February 2, 2022 Order, 'a phone that cannot be used confidentially under any circumstances does not count per the [Temporary Restraining] Order's third requirement.'" Dkt. 185 at 6. In other words, SPLC's concern is that the Court will not adequately communicate its prior Orders or send the parties' pleadings to the monitor. Motion at 2. This fear comes notwithstanding the Court's clear statement that it is actively "provid[ing] Dr. Thomas with copies [of] the complaint, the Court's June 17, 2020 Order, the parties' filings, and other documents on the public docket the Court deems helpful . . . to conduct an independent, objective review of Defendants' compliance with the Court's June 17, 2020 Order." Order at 4.

The claim that confusion will result without SPLC's intervening amendments is both speculative and conclusory, and thus insufficient to justify amendment. In fact, SPLC's stated basis for the amendment does little more than doubt the special monitor's ability to comprehend the Court's orders, question the Court's ability to provide instructions, and/or dispute the Court's clear statement that it is providing Dr. Thomas with pertinent documents. If, following the report, SPLC still believes Dr. Thomas has not understood what qualifies as a "phone," how to "count" them, or what the phrase "under any circumstance" means, SPLC may assert such arguments in objections to the monitor's report. As the modification is unjustified and unnecessary, it should be rejected.

### II. The Court should Deny SPLC's Request to Reconsider the Order's Prohibition on *Ex Parte* Communications.

In its second request, SPLC demands that the Order require "Dr. Thomas . . . to speak with attorneys . . . staff members of SPLC's Southeast Immigrant Freedom Initiative ('SIFI')" because "[t]heir perspective is necessary to address many of the questions the Court ordered Dr. Thomas to answer in his upcoming report[.]" Motion at 2. Naturally, "SPLC is willing to facilitate separate interviews" to have "SIFI staff" sit for anonymous interviews with the monitor, because SIFI's perspective and SPLC's perspective are identical. As such, this runs counter to: (1) the Order's explicit prohibition on "resolv[ing] competing accounts [and] mak[ing] credibility determinations"; (2) the overall tenor of the Order, which bars attempted exertions of party influence, and (3) the Court's intent in appointing a monitor. *See* Order at 3.

In the Motion, SPLC justifies the request by suggesting that SIFI is somehow separate or distinct from SPLC. However, there is no daylight between SIFI and SPLC, much less between SIFI and SPLC's litigation team. Many of SPLC's counsel of record[1] throughout this case are or were affiliated with SIFI—with some holding senior positions—and are fact witnesses. Additionally, SPLC's current litigating counsel and SIFI staff share office suites at 150 E. Ponce de Leon Avenue, Suite 340, Decatur, GA 30030 and 201 St. Charles Avenue, Suite 2000, New Orleans, LA 70170. Given that SPLC counsel and SIFI staff are nearly one and the same, to grant SPLC the opportunity to "address many of the questions the Court ordered Dr. Thomas to answer in his upcoming report" would be tantamount to greenlighting SPLC's coloration of the monitor's

---

[1] The list includes, at a minimum, Lisa Graybill (former SIFI Deputy Legal Director), Gracie Willis (SIFI Direct Services Attorney), Anjali Nair (SIFI Managing Attorney), Natalie Lyons (SIFI Staff Attorney), Elissa Johnson (SIFI Staff Attorney/Legal Assistant), Veronica Salama, and Jared Davidson (Law Fellow). Daniel Werner, SIFI's then-director, was granted leave to appear *pro hac vice* in this case, but never entered an appearance. Minute Order (November 1, 2019).

"independent [and] objective" report with SPLC's contested account. Additionally, adopting SPLC's proposed course would require the monitor to "make credibility determinations" as to SPLC's anonymous accusers and their allegations, which the Court expressly forbade. Order at 3 ("Dr. Thomas is not to resolve competing accounts [or] make credibility determinations."). The Court should reject the amendments as contrary to the text of the Order.

Additionally, SPLC's amendment undermines the Court's reasoning in appointing a special monitor. The Court already decided it could not make a non-compliance finding where SPLC's "evidence of noncompliance is overwhelmingly hearsay or double hearsay" and therefore appointed a special monitor. ECF No. 185. The Court should similarly reject this request.

### III. Defendants' Position on the Third Requested Modification.

Defendants object to and oppose SPLC playing any role in arranging interviews with the special monitor, as this raises a potential opportunity for SPLC to engage in *ex parte* communications with the monitor. Defendants otherwise take no position on the rest of the request.

### CONCLUSION

In closing, the Court should deny SPLC's Motion. If SPLC believes that Dr. Thomas's inspections were mishandled, insufficient, or incorrect, SPLC may argue as much in their post-report objections. As SPLC explicitly admits, "SPLC has no objection to Dr. Thomas beginning inspections consistent with the Court's current Order" if the Motion is not granted. Plaintiff's Motion For Expedited Briefing Schedule (ECF No. 193) at 1, n.1. Given that SPLC agrees its amendments are unnecessary to successful inspections, the Court should deny SPLC's Motion.

DATED: April 27, 2022

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
Civil Division

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation:
District Court Section

YAMILETH G. DAVILA
*Assistant Director*

MICHAEL A. CELONE
(D.D.C. Bar ID: MD805677)
*Senior Litigation Counsel*

RICHARD G. INGEBRETSEN
(DC #1736200)
RUTH ANN MUELLER (DC #1617339)
KEVIN HIRST (MD #1812110173)
*Trial Attorneys*

Respectfully Submitted,

*/s/ David J. Byerley*
DAVID J. BYERLEY (DC #1618599)
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4523
Email: david.byerley@usdoj.gov

*Attorneys for Defendants*